# Krompoltz *v.* Hyman, Appellant.

*Negligence—Physicians—Dentists — Pulling sound tooth—Evidence—Case for jury.*

In an action against a dentist the plaintiff is entitled to have his case submitted to the jury, where, although to some extent contradicted, his evidence tended to show that the defendant negligently extracted a tooth that could have been saved and filled and, without the consent of the plaintiff, extracted another perfectly sound tooth.

A physician is liable to his patient for the failure to exercise that reasonable degree of learning, skill and experience which ordinarily is possessed by others of his profession. He is bound to bestow such reasonable and ordinary care, skill and diligence as physicians and surgeons in the same neighborhood, and in the same general line of practice, ordinarily have and exercise in like cases.

Submitted Oct. 11, 1918.   Appeal, No. 125, Oct. T., 1918, by defendant, from judgment of Municipal Court, Nov. T., 1917, No. 224, on verdict for plaintiff in case of Leopold Krompoltz v. David D. Hyman, trading as Dr. Hyman's Dental Office.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass for negligence on part of a dentist.   Before CRANE, J.

At the trial the jury returned a verdict for plaintiff for $250 on which judgment was entered.   Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*David Phillips,* for appellant, cited: DeLong v. Delaney, 206 Pa. 226; English v. Free, 205 Pa. 624.

*William Charles Brown* and *Cornelius Haggarty, Jr.,* for appellee.

OPINION BY KEPHART, J., January 3, 1919:.

A physician is liable to his patient for the failure to exercise that reasonable degree of learning, skill and experience which ordinarily is possessed by others of his profession. He is bound to bestow such reasonable and ordinary care, skill and diligence as physicians and surgeons in the same neighborhood, in the same general line of practice, ordinarily have and exercise in like cases: 21 R. C. L., Sec. 27, p. 381, and cases there cited; Wohlert v. Seibert, 23 Pa. Superior Ct. 213. It must appear that the injury resulted from such carelessness or unskillfulness.

The plaintiff charged the defendant with negligently extracting a tooth that could have been saved and filled, and, without the consent of the plaintiff, extracting another perfectly sound tooth. The evidence, though somewhat conflicting, established a case for the jury. Without reviewing it in detail, the appellee testified that he went to the appellant and requested he be given medicine for the aching tooth, or that it be pulled. While he did not speak English very well, the defendant understood he wanted a tooth treated, or, if it could not be treated, it was to be extracted. This called for the exercise of ordinary skill and judgment by the operator as it is customarily practiced. But when the appellant, without consent or cause, extracted a sound tooth, he was guilty of negligence beyond question. He afterwards removed the tooth about which the plaintiff had been complaining. The appellee's experts stated that under ordinary practice this tooth, having a small cavity, could have been saved, but inquiries such as this should be subject to a critical investigation. The hypothetical question, though somewhat involved, recited the facts fairly as they were viewed by the appellee's counsel and the witness was asked what an ordinarily careful and prudent dentist would have done under similar circumstances. It fell within the rule. It did not have a tendency to throw any greater burden upon the

defendant or hold him to a stricter line of duty than the law imposed; but it must appear to the ordinary person that to sustain claims for damages on this ground alone, without clear proof, most seriously jeopardizes the practice of dentistry. While we would not hold, as we are not here required to do so, that a cause of action could not be predicated on the facts now under discussion, we do say that in the present case this testimony was so closely interwoven with the other injury, we are of the opinion that the court did not commit error in submitting the entire case to the jury. This was done by the trial judge in a charge free from any substantial error and fully protected the rights of the appellant. Indeed, from the facts found by the jury, he has slight cause to complain. A dentist, who without justification pulls a perfectly sound tooth, might be said to be guilty not only of carelessness but of wanton recklessness.

The judgment is affirmed at the cost of the appellant.